# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 CR 852-1,2,4,5,6 | DATE | APRIL 24, 2003 |
| CASE TITLE | UNITED STATES OF AMERICA v. FRANK L. PEITZ, et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendants Peitz's [270], Law's [268], and Iles's [269] objections and Peitz's pro se supplemental objections are denied. Defendant Paladino's objections [272] are granted in part and denied in part. Defendant Paladino's downward departure motion [272] is denied. Government's objections [271] are granted in part and denied in part. Government's upward departure motions [271] are denied. As stated herein, the probation officers shall modify the presentence reports.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 11 number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | APR 2 5 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 282 |
| | Mail AO 450 form. | DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/24/03 date mailed notice | |
| cw | courtroom deputy's initials | 03 APR 24 PM 4:32 | MQM mailing initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
                          )
            Plaintiff,    )
                          )
    v.                    ) No. 01 CR 852-1, 2, 4, 5, 6
                          )
FRANK L. PEITZ, DANIEL B. )
BENSON, ROBERT D. PALADINO,)
RANDALL W. LAW, and       )
MONICA M. ILES,           )
                          )
            Defendants.   )

**MEMORANDUM OPINION AND ORDER**

Defendants and the government filed objections to the presentence reports ("PSR"), one defendant moved for a downward departure, and the government moved for an upward departure as to each defendant. Following an April 23, 2003 hearing on the various motions, the court denied the departure motions and granted in part some of the objections. Following these rulings, the total offense level for each defendant based on U.S.S.G. § 2F1.1 (1997) (18 U.S.C. § 1343 wire fraud) and U.S.S.G. § 2S1.1 (1997) (18 U.S.C. § 1956(a)(1)(B)(i) money laundering) are as follows.[1] The probation officers shall make appropriate

---

[1] Some of the defendants also had money laundering violations based on 18 U.S.C. § 1957 for which U.S.S.G. § 2S1.2 (1997) is the applicable guideline. Since the offense level based on that offense is lower than the other two offenses and there is no adjustment for grouping, it is unnecessary to consider possible revisions to the total offense level for that offense.

modifications to the PSRs, including adjusting the fine ranges and any other provision that depends on the total offense level.

Defendant 1--Frank Peitz

Peitz's objections were denied and the government's objections and upward departure motion regarding Peitz were also denied. Peitz's total offense levels and guideline range are correctly stated in his PSR. Based on a total offense level of 35 and Criminal History Category I, Peitz's sentencing guideline range is 168-210 months.

Wire Fraud
| | | |
|---|---|---|
| 2F1.1(a) | Base offense level | 6 |
| 2F1.1(b)(1)(P) | over $10,000,000 | 15 |
| 2F1.1(b)(2) | more than minimal planning/one victim | 2 |
| 2F1.1(b)(6)(B) | more than $1,000,000 in personal receipts affecting financial institution | 4 |
| 3B1.1(a) | role in the offense (leader) | 4 |
| 3B1.3 | abusing position of private trust | 2 |
| 3C1.1 | obstruction of justice | 2 |
| Total Offense Level | | 35 |

Money Laundering
| | | |
|---|---|---|
| 2S1.1(a)(2) | base offense level | 20 |
| 2S1.1(b)(2)(J) | over $10,000,000 | 9 |
| 3B1.1(b) | role in the offense (manager) | 3 |
| 3C1.1 | obstruction of justice | 2 |
| Total Offense Level | | 34 |

Defendant 2--Daniel Benson

Benson did not object to the calculations contained in the PSR. The government's objections were granted in part and denied in part, and its motion for upward departure was denied. Additionally, the following correction should be made to Benson's PSR: on page 16, line 581, the reference to 3B1.2 should instead be 3B1.3. Based on a total offense level of 34 and Criminal

History Category I, Benson's sentencing guideline range is 151-188 months.

Wire Fraud
| | | |
|---|---|---|
| 2F1.1(a) | Base offense level | 6 |
| 2F1.1(b)(1)(P) | over $10,000,000 | 15 |
| 2F1.1(b)(2) | more than minimal planning/one victim | 2 |
| 2F1.1(b)(6)(B) | more than $1,000,000 in personal receipts affecting financial institution | 4 |
| 3B1.1(b) | role in the offense (manager) | 3 |
| 3B1.3 | abusing position of private trust | 2 |
| 3C1.1 | obstruction of justice | 2 |
| | Total Offense Level | 34 |

Money Laundering
| | | |
|---|---|---|
| 2S1.1(a)(2) | base offense level | 20 |
| 2S1.1(b)(2)(J) | over $10,000,000 | 9 |
| 3B1.1(b) | role in the offense (manager) | 3 |
| 3C1.1 | obstruction of justice | 2 |
| | Total Offense Level | 34 |

### Defendant 4--Robert Paladino

Paladino's objections were granted in part and denied in part and his downward departure motion was denied. The government's objections and upward departure motion were denied. Based on a total offense level of 27 and Criminal History Category I, Paladino's sentencing guideline range is 70-87 months.

Wire Fraud
| | | |
|---|---|---|
| 2F1.1(a) | Base offense level | 6 |
| 2F1.1(b)(1)(P) | over $10,000,000 | 15 |
| 2F1.1(b)(2) | more than minimal planning/one victim | 2 |
| 2F1.1(b)(6)(B) | more than $1,000,000 in personal receipts affecting financial institution | 4 |
| 3B1.2(b) | role in the offense (minor participant) | -2 |
| | Total Offense Level | 25 |

Money Laundering
| | | |
|---|---|---|
| 2S1.1(a)(2) | base offense level | 20 |
| 2S1.1(b)(2)(J) | over $10,000,000 | 9 |
| 3B1.2(b) | role in the offense (minor participant) | -2 |
| | Total Offense Level | 27 |

Defendant 5--Randall Law

Law's objections were denied. The government's objections were granted in part and denied in part and its upward departure motion was denied. Based on a total offense level of 27 and Criminal History Category II, Law's sentencing guideline range is 78-97 months.

```
Wire Fraud
2F1.1(a)           Base offense level                            6
2F1.1(b)(1)(P)     over $10,000,000                             15
2F1.1(b)(2)        more than minimal planning/one victim         2
3B1.1(c)           role in the offense (supervisor)              2
3B1.3              abusing position of private trust             2
   Total Offense Level                                          27
```

Defendant 6--Monica Iles

Iles's objections were denied and the government's objections and upward departure motion regarding Iles were also denied. Iles's total offense level and guideline range are correctly calculated in her PSR, but misstated on some of the pages. The following corrections should be made to Iles's PSR: (a) the total offense level and sentencing range shown on page 34, lines 1187-88 and page 37, lines 1256 and 1259 should be corrected to reflect 27 and 78-97; (b) the fine range shown on pages 35 and 37 should be corrected to be based on a 27 offense level; and (c) the sentencing recommendation in the confidential section should be modified to be based on the correct ranges. Based on a total offense level of 27 and Criminal History Category II, Iles's sentencing guideline range is 78-97 months.

| | | |
|---|---|---|
| Wire Fraud | | |
| 2F1.1(a) | Base offense level | 6 |
| 2F1.1(b)(1)(P) | over $10,000,000 | 15 |
| 2F1.1(b)(2) | more than minimal planning/one victim | 2 |
| 2F1.1(b)(3)(B) | violating administrative order | 2 |
| 3B1.3 | abusing position of private trust | 2 |
| Total Offense Level | | 27 |

IT IS THEREFORE ORDERED that defendants Peitz's [270], Law's [268], and Iles's [269] objections and Peitz's pro se supplemental objections are denied. Defendant Paladino's objections [272] are granted in part and denied in part. Defendant Paladino's downward departure motion [272] is denied. Government's objections [271] are granted in part and denied in part. Government's upward departure motions [271] are denied. As stated herein, the probation officers shall modify the presentence reports.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: APRIL 24, 2003